Carmen ALVARADO–GUZMAN,
Petitioner,

v.

Eric H. HOLDER, Jr., Attorney
General, Respondent.

No. 06–75547.

United States Court of Appeals,
Ninth Circuit.

Submitted March 18, 2009.*

Filed April 2, 2009.

Carmen Alvarado–Guzman, Santa Ana, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Susan K. Houser, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, HAWKINS, and TASHIMA, Circuit Judges.

MEMORANDUM **

Carmen Alvarado–Guzman, a native and citizen of Guatemala, petitions pro se for

of Michigan, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

review of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen removal proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003). We deny the petition for review.

The BIA did not abuse its discretion in denying Alvarado–Guzman's motion to reopen as untimely because it was filed more than two years after the BIA issued its final order, *see* 8 C.F.R. § 1003.2(c)(2), and Alvarado–Guzman failed to demonstrate changed circumstances in Guatemala to qualify for the regulatory exception to the time limit for filing motions to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004) ("The critical question is . . . whether circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution.").

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.